[ORAL ARGUMENT NOT YET SCHEDULED]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

LUCERO POOL PLASTER, INC.,

    Petitioner,

  v.

SECRETARY OF LABOR,

    Respondent.

No. 25-1108

**RESPONSE TO MOTION FOR STAY PENDING REVIEW
AND CROSS-MOTION TO DISMISS PETITION FOR REVIEW**

The government opposes petitioner's motion for a stay pending review, and cross-moves to dismiss the petition for review, because this Court lacks jurisdiction.

1.    The H-2B program allows the hiring of foreign workers on a temporary basis to perform nonagricultural work in the United States. Petitioner employed H-2B workers as construction laborers in Illinois. In 2018, the Administrator of the Department of Labor's Wage and Hour Division determined that petitioner had violated various requirements of the H-2B program. The Administrator ordered petitioner to pay unpaid wages and civil monetary penalties and debarred petitioner from the H-2B program for

three years. An administrative law judge (ALJ), reviewing that determination, sustained it in part.

Both sides appealed to the Department of Labor's Administrative Review Board (ARB), which affirmed the ALJ's decision in part and vacated and modified it in part. The ARB's decision requires petitioner to pay more than $300,000 in back wages and more than $350,000 in civil monetary penalties and debars petitioner from participation in the H-2B program for three years. The ARB declined to refer the case to the Secretary, and the Secretary did not exercise her discretion to review it. *See Secretary's Order 01-2020 – Delegation of Authority and Assignment of Responsibility to the Administrative Review Board*, 85 Fed. Reg. 13,186, 13,187-13,188 (Mar. 6, 2020). Accordingly, the ARB's decision became final agency action 28 days after it was issued. *Id.*

2.   This is a petition for review of the ARB's decision. The ARB's decision is undisputedly final agency action subject to judicial review under 5 U.S.C. § 702. But the district court, not this Court, is "the proper site for initial review of final agency actions for which no statute has provided an alternative." *Weaver v. Federal Motor Carrier Safety Admin.*, 744 F.3d 142, 145 (D.C. Cir. 2014). Here, the petition does not identify—and we are not aware

- 2 -

of—any statute that would vest this Court with jurisdiction to review the ARB's determination of H-2B violations in the first instance.

The ARB adjudicates violations of dozens of different statutes, not just the H-2B requirements that are at issue here. *See* 85 Fed. Reg. at 13,186-13,187. Some of those statutes provide for direct review of agency decisions in courts of appeals. In *Kaufman v. Perez*, 745 F.3d 521 (D.C. Cir. 2014), for example, this Court reviewed an ARB decision under "the employee protection provisions of the environmental statutes," which "provide for judicial review in the circuit court in which either the complainant resides or transacts business or the environmental violation occurred." *Id.* at 527. And in *Garvey v. Administrative Review Board*, 56 F.4th 110 (D.C. Cir. 2022), the Court reviewed an ARB decision under the whistleblower provision of the Sarbanes-Oxley Act, which likewise provides for judicial review in "the circuit in which the violation … allegedly occurred or the circuit in which the complainant resided on the date of such violation," 49 U.S.C. § 42121(b)(4)(A); *see* 18 U.S.C. § 1514A(b)(2)(A).

Other statutes within the ARB's jurisdiction, however, do not contain special judicial-review provisions of that nature. District courts, not courts

- 3 -

of appeals, have original jurisdiction over challenges to the ARB's application of those statutes. *See, e.g., Tri-County Contractors, Inc. v. Perez*, 155 F. Supp. 3d 81 (D.D.C. 2016) (challenge to sanction for violations of the McNamara-O'Hara Service Contract Act and the Contract Work Hours and Safety Standards Act); *District of Columbia v. DOL*, 34 F. Supp. 3d 172 (D.D.C. 2014) (challenge to application of Davis-Bacon Act), *aff'd*, 819 F.3d 444 (D.C. Cir. 2016).

The provisions that the ARB applied in this case—the requirements for H-2B employers—fall into the latter category, not the former. Petitioner has not identified, and we are not aware of, any provision in the Immigration and Nationality Act or elsewhere that would allow direct review of H-2B enforcement actions in the courts of appeals. The relevant statute states that the Secretary of Labor (exercising authority delegated from the Secretary of Homeland Security, 8 U.S.C. § 1184(c)(14)(B)) can "impose … administrative remedies" for any "substantial failure to meet any of the conditions of" an H-2B petition, or any "willful misrepresentation of a material fact in such petition," *id.* § 1184(c)(14)(A), but it contains no special provision for judicial review of such actions. We are aware of two challenges to H-2B enforcement

actions are currently pending in the District Court for the District of Columbia, *see* Compl., *Butler Amusements, Inc. v. DOL*, No. 24-cv-1042 (filed Apr. 11, 2024); Compl., *C.S. Lawn & Landscape, Inc.*, No. 23-cv-1533 (filed May 30, 2023), and challenges to the ARB's application of other provisions of the Immigration and Nationality Act are also regularly brought in district courts, *see, e.g.*, *Broadgate, Inc. v. Secretary of Labor*, 631 F. Supp. 3d 449, 452 (E.D. Mich. 2022) (H-1B visa program), *aff'd*, 124 F.4th 985 (6th Cir. 2024).

This Court therefore lacks jurisdiction over the petition for review. Petitioner is free to challenge the ARB's decision, but it must do so in district court in the first instance. This Court should accordingly dismiss the petition for review.

3.  The Court should also deny petitioner's motion for a stay of the agency action pending adjudication of this petition for review.

If the Court concludes that it lacks jurisdiction over the petition for review, it should deny petitioner's stay motion as moot. Alternatively, the Court should deny a stay because petitioner's failure to establish jurisdiction would make it impossible for him to prevail on the merits of the petition. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (enumerating stay factors).

If the Court concludes that it has jurisdiction, it should still deny the stay motion because, as the motion concedes (at 2), "[p]etitioner has not moved for a stay from the Department of Labor." Federal Rule of Appellate Procedure 18(a)(1) states expressly that a petitioner seeking a stay pending review "must ordinarily move first before the agency for" that relief, which the agency can grant under 5 U.S.C. § 705, and this Court has denied stay motions for failure to satisfy that requirement. *See, e.g.*, *Frontier Airlines, Inc. v. Department of Transportation*, No. 25-1002, 2025 WL 424498, at *1 (D.C. Cir. Feb. 6, 2025) (per curiam).

Petitioner appears to invoke the exception to this requirement that applies where "moving first before the agency would be impracticable," Fed. R. App. P. 18(a)(2)(A)(i), by arguing that the Department's "counsel has advised that relief from the agency is not available because the agency's decision is now final and there is no longer an active case within the agency." Mot. 2. But when the Department's counsel advised petitioner's counsel that "the agency's decision is final" and "there is no longer an active case within the agency," she was responding to petitioner's request for the agency's position on a stay motion to be filed in this Court—not a request for a stay from the agency itself.

Petitioner is free to request a stay from the agency at this point. If petitioner did so, the agency would agree to stay at least the monetary penalties. Because petitioner has not yet made that request of the agency, this Court should (if it concludes that it has jurisdiction) deny the stay motion without prejudice to petitioner's renewal of the motion as to any portions of the sanction that the agency does not agree to stay.

Respectfully submitted,

CHARLES W. SCARBOROUGH

*/s/ Daniel Winik*
DANIEL WINIK
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7245*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  (202) 305-8849

# CERTIFICATE OF COMPLIANCE

I hereby certify that this response and cross-motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Book Antiqua, a proportionally spaced font, and that it complies with the type-volume limitation of Circuit Rule 27(c) because it contains 1,222 words, according to Microsoft Word.

*/s/ Daniel Winik*
Daniel Winik